BROOKS v. THE DAVENPORT & ST. PAUL RAILROAD CO.
BABCOCK v. THE SAME.

Railroad: APPROPRIATION OF RIGHT OF WAY: DAMAGES. In a contest respecting the amount of damages to be allowed for right of way taken by a railroad company, it was *held* that the following instructions were not erroneous:

1. "Your verdict should be for the difference in · the value of the land immediately before and after the appropriation of the right of way, without considering the benefit that might accrue to plaintiff by the construction of the road."

2. "In arriving at a conclusion as to what·would be a just compensation, you should consider the form and manner in which the farm will be left after the right of way is occupied by the railroad, disregarding prospective damage by reason of the building and operating the road."

*Appeal from Fayette District Court.*

THURSDAY, SEPTEMBER 18.

THESE were *ad quod damnum* proceedings to assess the damages accruing to plaintiffs on account of the appropriation of land owned by them upon which to locate defendant's railroad. The record in each case discloses the same facts. Upon appeal to the district court there was a trial to a jury and a verdict and judgment for plaintiff in each case. The defendant appeals. The other facts necessary to an understanding of the points ruled appear in the opinion.

*Z. D. Scoby* and *Ainsworth & Miller* for the appellant.

*Rickle & Fuller* for the appellee.

BECK, Ch. J. — The facts of each of these cases are identical, and the questions of law presented in each are the same, and arise upon the following instructions given by the court to the respective juries :

" 1st. Your verdict should be for the difference in the value of his land immediately before and after the appropriation for the right of way, without considering the benefit which might accrue to him by the construction of the road.

" 2d. In arriving at a conclusion as to what would be a just compensation you should consider the form and manner in which the farm will be left after the right of way is occupied by the railroad, disregarding prospective damages by reason of the building and operating of the road."

I. It is claimed that the first instruction is erroneous in that it does not restrict the estimate of the difference in the market value of the land, before and after the appropriation by defendant, to the cause of such appropriation ; that is, the difference to be the basis of the allowance of damages should have been produced by means of the appropriation itself. While the rule insisted upon by appellant's counsel is admitted to be undoubtedly correct, we think it was in effect given to the jury by the instructions when all are considered together. The jury were informed by another instruction that the damages, which they were required to assess, were those accruing on account of the condemnation of plaintiff's land for the use of defendant's railroad, and that in estimating such damages they were to be guided by the rules contained in the instructions above quoted. It would be impossible for the jury to misapprehend the force of these directions and the true meaning of the rules. They could not have understood that difference in value of the land before and after condemnation, arising from any other cause than the appropriation of the land itself, was to be considered as an element in estimating the damages. We think, therefore,

Brooks v. The Davenport & St. Paul Railroad Co.

that counsel's objection to the instructions on this ground are not well founded.

II. The second of the instructions above set out is objected to on the ground that it in effect authorizes the jury to allow damages other than those based upon the difference in the value of the land before and after its appropriation. It is insisted that the form and shape of the land is made an independent basis of damages, and is to be considered without regard to the value of the land. We think the instructions will bear no such interpretation. In the first instruction the jury are informed that the amount of plaintiff's compensation to be allowed as damages, they should find to be the difference in its value before and after the appropriation for the right of way. In the second instruction they are informed that in arriving at their conclusion as to what would be a just compensation, they were authorized to consider the form and manner in which plaintiff's farm was left after the road was built; that is, the condition of the farm as it was found after the road was constructed, is an element in determining its value. This is the plain import of the instruction and nothing more. And it is conceded by defendant's counsel to be a correct rule applicable in estimating the value of the farm after the construction of the road. Their complaint is that it was not given; we think it was, and therefore hold the instructions, complained of on this ground, unobjectionable. No other questions are presented by the abstracts before us. Affirmed.